UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEANNE DRESMICH )<br>)<br>Plaintiff )<br>)<br>vs. )<br>)<br>)<br>STERLING & KING, INC. )<br>)<br>)<br>Defendant )<br>_____ ) | Case Number<br><br>CIVIL COMPLAINT<br><br><br>JURY TRIAL DEMANDED |

COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Leanne Dresmich, by and through her undersigned counsel, Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Leanne Dresmich, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.4 ("PFCEUA) and the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1-201-9.3 ("UTPCPL") which prohibits debt collectors and original creditors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Plaintiff resides in this District.

## III. PARTIES

4. Plaintiff, Leanne Dresmich, is an adult natural person residing at 1179 Fox Terrier Drive, Bethel Park, PA 15102. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Sterling & King, Inc. ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania with their principal place of business located at 500 State Road 436, Ste. 2074, Casselberry, Florida 32707.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. On or about May 24, 2010, Plaintiff attempted to refinance her home.

8. At that time, Plaintiff discovered a collection account that had been placed on her credit report by the Defendant for a debt allegedly owed on a Greentree account.

9. Plaintiff was said to owe approximately $798.00 on this account.

10. On or about that same day, Plaintiff contacted Defendant and spoke with an agent by the name of "Judy Adams", who informed the client that the account was for a service that Greentree had provided on or about January 24, 2009.

11. Plaintiff explained that she had disputed that debt at that time and that Greentree refunded her money and the account was closed.

12. Defendant's agent, "Judy Adams", became rude and told the Plaintiff that she had a recording proving the transaction; however she could not allow the Plaintiff to hear it.

13. Defendant's agent, "Judy Adams", told the Plaintiff that it was her own fault and that she was stupid anyhow for giving out her credit card number in the first place.

14. Agent, "Judy Adams", went on to call the Plaintiff a deadbeat and told her that this infraction will look great on her credit report and she hoped that she enjoyed it.

15. Plaintiff asked several times to speak with a manager but Defendant's agent, "Judy Adams" would not allow her to speak with anyone else.

16. Before ending the call, Defendant's agent, "Judy Adams", threatened the Plaintiff stating she would call the sheriff if the Plaintiff ever called them again.

17. On or about June 8, 2010, Plaintiff contacted the original creditor directly and they confirmed that the account had been closed.

18. On or about that same day, June 8, 2010, Plaintiff called the Defendant and was again transferred to agent, "Judy Adams", who explained to the Plaintiff that she had to pay the debt no matter what and that it would sit on her credit report forever.

19. Plaintiff again tried to explain to Defendant's agent that she had looked into the full history for this account and that there was no existing charge for the amount Defendant was collecting on.

20. Defendant's agent, "Judy Adams", scolded the Plaintiff stating that the service had been performed whether she wanted it or not and that she needed to stop fighting and just pay the debt.

21. On or about June 10, 2010, Plaintiff was informed by her mortgage company that if this charge remained on her credit report that she would not be able to refinance her home.

22. On or about June 11, 2010, Plaintiff received a call from Defendant's agent, "Judy Adams", who stated that they were going to begin court proceedings against her and that she was calling to give her one last chance to pay.

23. Plaintiff responded by telling the agent that she was going to file a complaint against the Defendant.

24. Defendant's agent, "Judy Adams", called the Plaintiff a scallywag, and told her that she needed to just pay her bills.

25. Plaintiff continued to dispute this debt with the Defendant and the three (3) credit reporting bureaus.

26. The Defendant acted in a false, deceptive, misleading and unfair when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

27. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and

their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

28.     At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

29.     At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

30.     As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT I – FDCPA

31.     The above paragraphs are hereby incorporated herein by reference.

32.     At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

33.     The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

§§ 1692d     Any conduct the natural consequence of which is to harass, oppress, or abuse any person

§§ 1692d(5)   Caused the phone to ring or engaged any person in telephone conversations repeatedly

§§ 1692e   Any other false, deceptive, or misleading representation or means in connection with the debt collection

§§ 1692e(2)   Character, amount or legal status of the alleged debt

§§ 1692e(5)   Threaten to take any action that cannot be legally taken or that is not intended to be taken

§§ 1692e(7)   Conduct to disgrace the consumer in any way

§§ 1692e(8)   Threaten to communicate false credit information, including the failure to communicate that the debt is being disputed

§§ 1692e(10)   Any false representation or deceptive means to collect a debt or obtain information about a consumer

§§ 1692f   Any unfair or unconscionable means to collect or attempt to collect the alleged debt

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Sterling & King, Inc. for the following:

a.   Actual damages;

b.   Statutory damages pursuant to 15 U.S.C. § 1692k;

c.   Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d.   Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II
## VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT
### (FCEUA, 73 Pa. C.S. § 2270.1 et seq.)

34. Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs.

35. The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL"). Defendant is a debt collector pursuant to 73 Pa. C.S. § 2270.3.

36. The alleged debt Defendant was attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

37. The FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

38. The actions of Defendant, as aforesaid, constitute false, misleading or deceptive representations.

39. Violations of the FDCPA is a per se violation of the FCEUA and the UTPCPL.

40. As a direct and proximate result of the said actions, Plaintiff has suffered financial harm.

41. By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

a. Actual damages;

b. Treble damages;

c. An award of reasonable attorneys fees and expenses and costs of court; and

d. Such additional relief as is deemed just and proper, or that the interests of justice require.

## COUNT III
### VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq.

42. The foregoing paragraphs are incorporated herein by reference.

43. Plaintiff and Defendant are "Persons" to 73 Pa. C.S § 201-2.

44. The UTPCPL proscribes, inter alia, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

45. The action of Defendant, as aforesaid, constitutes unfair acts or practices under the UTPCPL, by way of the following, inter alia:

a. Defendant misrepresented to Plaintiff the character, extent or amount of the debt or its status in a legal proceeding, 73 Pa. C.S. § 201-3.1;

b. Defendant engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

    c.    Defendant failed to comply with the FDCPA and FCEUA which are <u>per se</u> violations of the UTPCPL.

    46.    As a direct and proximate result of the said actions, Plaintiff has suffered financial damages and other harm.

    47.    By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

    a.    An Order declaring that Defendant violated the UTPCPL;

    b.    Actual damages;

    c.    Treble damages;

    d.    An award of reasonable attorney's fees and expenses and cost of suit; and

    e.    Such additional relief as is deemed just and proper, or that the interest of justice may require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

**WARREN & VULLINGS, LLP**

Date: October 19, 2010        BY:        */s/ Brent F. Vullings*

Brent F. Vullings, Esquire
Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff